## STATE OF CONNECTICUT *v.* ALWYN JOHNSON
### (AC 18986)

Foti, Zarella and O'Connell, Js.

Argued October 25—officially released December 26, 2000

*Arnold V. Amore II*, special public defender, for the appellant (defendant).

*Lawrence J. Tytla*, senior assistant state's attorney, with whom was *Kevin T. Kane*, state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (4), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a) (4), burglary in the first degree as an accessory in violation of General Statutes §§ 53a-8 (a) and 53a-101 (a) (1), and conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-48 and 53a-101 (a) (1). On appeal, the defendant claims that the trial court improperly denied his motion to suppress photographic identification evidence. We affirm the judgment of the trial court.

The following facts and procedural history are necessary for disposition of this appeal. On September 3, 1997, the defendant and four other males drove from Bridgeport to Norwich, intending to rob two drug dealers who lived at 39B Chestnut Street.

On the same day, Everose Colas, her three year old son, Elijah, and her friend, Asantewa Calaway, were visiting at the Chestnut Street address. That evening, Colas, Calaway, Elijah and the drug dealers were eating dinner in the apartment that was lit by candlelight. The drug dealers saw the men approaching the apartment and fled through the rear door. The defendant and his associates kicked in the front door and entered the premises. One man pointed a pistol at Elijah's head in an effort to force Colas to disclose the location of money they wanted while the other men searched the apartment. Before fleeing the apartment, the men stole $10 from Colas' purse.

Colas and Calaway left the apartment and immediately encountered two Norwich police officers. They gave the officers a description of the men and permitted the officers to inspect the apartment. The officers then transported Colas and Calaway to the Norwich police department for additional questioning. At the police headquarters, the officers showed Colas and Calaway five Polaroid photographs of suspects who had just been apprehended in a car on a nearby interstate highway. Colas identified the defendant and one other man from the photographs as two of the men who broke into the apartment. The men were arrested and, during trial, the defendant moved to suppress the photographic identification as unduly suggestive and unreliable. Following a hearing, the court denied the motion.

The defendant claims that the court improperly denied his motion to suppress Colas' photographic identification in violation of his substantive due process rights under the fourteenth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut. We disagree.

"Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is

well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Story*, 53 Conn. App. 733, 739, 732 A.2d 785, cert. denied, 251 Conn. 901, 738 A.2d 1093 (1999).

"[B]ecause the issue of the reliability of an identification involves the constitutional rights of an accused . . . we are obliged to examine the record scrupulously to determine whether the facts found are adequately supported by the evidence and whether the court's ultimate inference of reliability was reasonable. . . . [T]he required inquiry is made on an ad hoc basis and is two-pronged: first, it must be determined whether the identification procedure was unnecessarily suggestive; and second, if it is found to have been so, it must be determined whether the identification was nevertheless reliable based on an examination of the totality of the circumstances. . . . To prevail on his claim, the defendant has the burden of showing that the trial court's determinations of suggestiveness and reliability both were incorrect. . . . An identification procedure is unnecessarily suggestive only if it gives rise to a very substantial likelihood of irreparable misidentification." (Citations omitted; internal quotation marks omitted.) *State* v. *Reid*, 254 Conn. 540, 554–55, 757 A.2d 482 (2000).

The defendant argues that the procedure the police utilized in obtaining Colas' identification of him was unnecessarily suggestive and that the identification itself was unreliable. Specifically, the defendant claims that the display of the five photographs was unnecessarily suggestive because Colas was aware that the police had just arrested the men in the photographs. The

record does not support this claim. To the contrary, it shows that Colas did not know that the men had just been arrested on the highway. Under the circumstances, the court determined that the photographic display of only the five suspects was not suggestive.

Even if the court had found that the procedure was unnecessarily suggestive, the record is sufficient to show the reliability of Colas' identification of the defendant. "To determine whether an identification that resulted from an unnecessarily suggestive procedure is reliable, the corruptive effect of the suggestive procedure is weighed against certain factors, such as the opportunity of the [victim] to view the criminal at the time of the crime, the [victim's] degree of attention, the accuracy of [the victim's] prior description of the criminal, the level of certainty demonstrated at the [identification] and the time between the crime and the [identification]." (Internal quotation marks omitted.) Id., 555; see *Manson* v. *Brathwaite*, 432 U.S. 98, 114, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977).

The defendant claims that the candlelit apartment was too dim and that Colas' attention was so focused on the man holding a gun to her son's head that she could not reliably identify the defendant. He also argues that Colas' description of the defendant as wearing a blue shirt when in fact he was wearing a blue shirt with red trim indicated the unreliability of her identification.

Our review of the record indicates that the identification took place one-half hour after the robbery, and that the lighting in the room was sufficient for Colas to see the men and that she had a high degree of certainty at the time of the identification. On the basis of those factors, the court found that Colas' identification of the defendant was reliable. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the

record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses." (Internal quotation marks omitted.) *Biller Associates* v. *Peterken,* 58 Conn. App. 8, 12, 751 A.2d 836, cert. granted on other grounds, 254 Conn. 914, 759 A.2d 506 (2000).

We conclude, therefore, that the court properly denied the defendant's motion to suppress the photographic identification.

The judgment is affirmed.

In this opinion the other judges concurred.